Everett Benbow v. Commissioner.
Benbow v. Commissioner
Docket No. 38468.
United States Tax Court
1953 Tax Ct. Memo LEXIS 302; 12 T.C.M. (CCH) 380; T.C.M. (RIA) 53117; April 9, 1953
Cyrus B. King, Esq., Mills Building, San Francisco, Calif., for the petitioner. T. M. Mather, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in income tax for the year 1948 in the amount of $998.95. The question is whether the petitioner was a bona fide resident of a foreign country so as to be entitled to exclude all of his earnings for 1948 from gross income under the provisions of section 116 (a) (1) of the Code. The petitioner contends that he was a bona fide resident of Saudi Arabia during a period which included all of 1948. Findings of Fact The petitioner is a citizen of the United States. He is a machinist by trade. In 1944, 1945, and 1946 he was a resident of and was employed at his trade in San Francisco, California. *303 In August 1947 he was employed by International Bechtel, Inc., as a gas engine mechanic, to work in Saudi Arabia, and he began work for Bechtel in Dhahran, Saudi Arabia in August 1947. He was an employee of Bechtel in Saudi Arabia continuously, except for 21 days' leave, from August 1947 until August 1950, when it became necessary for him to return to the United States to obtain treatment for cancer. He was paid wages at the rate of $400 per month, plus overtime. In 1946, the petitioner and his wife, who resided with him in San Francisco, became involved in marital difficulties. The petitioner's wife filed a suit for divorce from him in October 1946, which she eventually abandoned. In January 1947, the petitioner filed suit for divorce from his wife, but he did not obtain a divorce before he departed from the United States for Saudi Arabia on August 3, 1947. In August 1948, the pet&tioner took 21 days' leave from his job, during which period he returned to San Francisco for the purpose of prosecuting his suit for divorce. He obtained the divorce and returned to his work in Saudi Arabia in September 1948. Petitioner was employed by Bechtel under an Employment Agreement. The term *304 of the Employment Agreement was for such period as Bechtel desired the services of the petitioner in connection with construction or other work in Saudi Arabia or any other location in the Near or Middle East. The agreement provided, inter alia, as follows: "* * * provided, that after eighteen (18) months of continuous employment from the date of this Employment Agreement, the Employee may terminate his employment hereunder by giving the Contractor written notice specifying the date on which he desires to terminate his employment which date shall not be less than fifteen (15) days after the date of delivery of notice to the Contractor." It was provided in the Employment Agreement, also, that if, prior to the completion of 18 months of service, the employee, the petitioner, quits, or if the Employment Agreement is terminated by the contractor for cause, all salary, travel allowance, and other compensation shall cease as of the time of quitting or discharge. Bechtel (the contractor) reserved the right to terminate the Employment Agreement for various causes, including, on the part of the employee, lack of ability, bad temper, incompetence, insubordination, failure to work, the immoderate *305 use of alcoholic drinks, and the use of narcotics. Also, Bechtel agreed to pay for transportation of the petitioner from San Francisco, the point of hire, to the site of work, Dhahran, Saudi Arabia; and, upon compliance with the terms of the Employment Agreement, or upon medical release, Bechtel agreed to pay for transportation back to the point of hire. Bechtel arranged for petitioner's passport, and for residence permits of the Arabian Government. The first residence permit granted by the Arabian Government to the petitioner was for one year, and thereafter the permit was renewed for periods of either one year or six months. Bechtel agreed, in the Employment Agreement, to provide "jobsite facilities" to the employee, the petitioner, consisting of board, lodging, medical services, and dental care of an emergency nature only. Bechtel, under its agreement, provided petitioner with board and lodging at its "jobsite" dormitories, or tent, or camp, or barracks. Petitioner paid for his own meals when he was away on leave from the living quarers which were provided. The petitioner agreed, under section 12 of the Employment Agreement, that he would not engage, directly or indirectly, *306 in any other employment, services, or business whatever, and that he would not take part in local politics. All of petitioner's income in 1948, in the total amount of $6,469.67, consisted of wages from Bechtel for personal services. In the early part of 1950, the petitioner undertook to obtain catalogues of merchandise of manufacturers located in the United States. He wrote to his brother, an electrician, to send him the names of manufacturers of electrical appliances and their catalogues. His brother sent catalogues to him in 1950. The petitioner did not purchase, and he did not sell in Saudi Arabia, or elsewhere, any electrical equipment. The petitioner sold in Saudi Arabia, in 1950, one, new Bell and Howell projector which was purchased in Chicago and was sent to the petitioner. The petitioner did not engage in any business in 1948, or have any other employment in 1948, other than his job as an employee of Bechtel. In 1950, the petitioner discussed with a friend in Saudi Arabia, plans for undertaking commercial activities there, such as selling cameras and electrical appliances, and of setting up a trade school in Saudi Arabia, but such plans never progressed beyond the stage *307 of discussions. After the petitioner returned to the United States in August 1950, he received treatments for cancer and surgery upon his nose, and he worked in the United States. In 1951, he was employed for four months in Okinawa. He remarried, also, after his return to the United States in 1950. Before leaving the United States for Saudi Arabia in August 1947, the petitioner told members of his family that he was going to Arabia for an indefinite length of time. He told his brother that he was going to Arabia for an indefinite period, for as long as working conditions, health, and other matters were favorable. He paid no taxes in Saudi Arabia. The petitioner was not a bona fide resident of a foreign country, Saudi Arabia, during 1948. Opinion HARRON, Judge: The petitioner contends that he was a bona fide resident of a foreign country, Saudi Arabia, during 1948, and, therefore, that he was entitled under section 116 (a) (1) of the Code to exclude all of his earnings from gross income. That is to say, he claims that all of his earnings in 1948, which he received in Saudi Arabia, are exempt from income tax. He relies, almost entirely, on the decision of this Court in , *308 and he contends that the facts in this proceeding are distinguishable from , , affd. , certiorari denied, , and other cases following those authorities. The facts in this proceeding differ greatly and materially from the facts in the Bouldin case, supra, and we are unable to find that this petitioner had the same intent, or was in the same situation as Charles F. Bouldin was. The Bouldin case is distinguishable, and it does not control decision of the question presented here. Upon careful consideration of all of the evidence, and of all of petitioner's testimony we have found as a fact that petitioner was not a bona fide resident of Saudi Arabia in 1948, within the scope of section 116(a)(1). Therefore, the respondent's determination is sustained. The petitioner has testified that in 1950 he made inquiries about merchandise to sell in Saudi Arabia, and that he made one sale of a movie projector. Such evidence is not sufficient to establish that in 1948, the petitioner was a bona fide resident of Saudi Arabia. Furthermore, the taxable year *309 is 1948, and the evidence does not establish that at some time before or during 1948, petitioner became a bona fide resident of Saudi Arabia. The employment agreement with Bechtel was a contract for temporary employment for a period of 18 months, subject to termination by either the employer or the employee before the expiration of 18 months, and the period of 18 months did not expire until February, 1949. During 1948, the petitioner was employed, therefore, on a temporary basis, and the evidence does not show that he had become a bona fide resident of Saudi Arabia before or in 1948. In each proceeding involving the issue presented, the question is one of fact. However, the reasoning set forth in the Johnson and Downs cases, supra, control in this case. See, also, . Decision will be entered for the respondent.